NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
:
CYNTHIA O'BRIEN and JACQUELINE    :
KEENAN,                            :
                                   :
       Plaintiffs,                :    Civil Action No. 06-4005 (JAG)
                                   :
       v.                         :    **OPINION**
                                   :
REAL ESTATE MORTGAGE NETWORK,:
INC., DOUGLAS ROTELLA, CARLOS     :
BENAVENTE, and ERIC HAHN,          :
                                   :
       Defendants.                :
_____:

**GREENAWAY, JR., U.S.D.J.**

      This matter comes before this Court on the motion, filed by plaintiffs, Cynthia O'Brien and Jacqueline Keenan (collectively "Plaintiffs"), seeking to reopen their case against defendants, Real Estate Mortgage Network, Douglas Rotella, Carlos Benavente, and Eric Hahn (collectively "Defendants"). Plaintiffs seek to vacate, pursuant to FED. R. CIV. P. 60(b), this Court's order of January 23, 2008, dismissing the case against Defendants, without prejudice. For the reasons set forth below, this motion is granted.

### I. FACTS

      Plaintiffs filed a Complaint on July 10, 2006, in the Superior Court of New Jersey, alleging wrongful termination and sexual harassment, pursuant to state and federal law. (Docket Entry No. 1.) Defendants removed the case to this Court on August 23, 2006, and this Court

1

denied Plaintiffs' motion for remand.  (Notice of Removal (Docket Entry No. 1); Order dated Feb. 23, 2007 (Docket Entry No. 16).)  The parties met before Magistrate Judge Madeline Cox Arleo, on January 22, 2008, to hold a court ordered settlement conference.  (Certification of Peter Till attached to Mot. to Reopen Case [hereinafter "Till Cert."] (Docket Entry No. 29).)  At that conference, the parties placed the preliminary terms and conditions of a settlement agreement on the record.  (Till Cert. ¶ 8.)  Relying on the representation that the case was settled, this Court entered a sixty-day order and dismissed the case, without prejudice, on January 23, 2008.  (Order of Dismissal dated Jan. 23, 2008 (Docket Entry No. 27).)

Now, the parties apparently disagree concerning the specific terms and conditions of the settlement agreement.  ( Till Cert. ¶¶ 10-12; Decl. of David Cassidy in Opp'n to Pls.' Mot. To Reopen [hereinafter "Cassidy Decl."] (Docket Entry No. 29) ¶ 5.)  Plaintiffs' counsel states that "it appears that the terms and conditions of the Settlement Agreement were never agreed upon, let alone consummated."  (Pls.' Mem. of Law in Further Supp. of Pls.' Mot. To Vacate p. 4 n.1 (Docket Entry No. 31).)  Similarly, Defendants state that "[t]his case . . . did not involve a typical 'on the record' settlement."  (Cassidy Decl. ¶ 4.) In fact, Defendants note that there is an absence of a settlement.  (Id. ¶ 4.)

Plaintiffs, in their motion of January 28, 2009, moved to reopen the case.  (Docket Entry No. 29.)

## II. LEGAL STANDARD

FED. R. CIV. P. 60(b) provides in part, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (6) any other reason that justifies relief."  A motion under Rule 60(b)(6) must be made within a "reasonable

time." FED. R. CIV. P. 60(c)(1).

A movant under Rule 60(b) must "show 'extraordinary circumstances' justifying reopening of the final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (quoting Ackermann v. United States, 340 U.S. 193, 199 (1950)).  However, the court has discretion when vacating a judgment.  See Pridgen v. Shannon, 380 F.3d 721, 725 (3d Cir. 2004).

### III. DISCUSSION

Plaintiffs seek to reopen this case.

**A. Timeliness**

This Court finds that Plaintiffs' motion was timely.  A "reasonable time" to move to vacate a judgment under Rule 60(b) is based on the circumstances of the individual case. Delzona Corp. v. Sacks, 265 F.2d 157, 159 (3d Cir. 1959).  In the instant case, the motion was filed approximately a year after entry of the order dismissing the case.  Since Rule 60(b)(1)-(3) uses a one-year limit as a guideline for timeliness of a motion for relief from judgment, this Court finds that the motion is timely.[1]

**B. The Merits**

The Court of Appeals for the Third Circuit favors resolving cases on the merits, rather than through procedural barriers.  See e.g., Gross v. Stereo Component Systems, Inc., 700 F.2d

---

[1] Defendants argue that the motion was filed one year and five days after the order and is therefore untimely.  Since Rule 60(b)(6) has no specific time limit, this Court is using the Rule 60(b)(1)-(3) one-year time limit as a guide in determining the reasonableness of Plaintiffs' delay in filing their Rule 60(b)(6) motion.  See Crawford v. Hendricks, No. 01-4531, 2009 U.S. Dist. Lexis 37670 at *8 (D.N.J. May 4, 2009) ("Rule 60(b)(6) 'may not be used as a catchall to avoid the one-year limitation.'" (quoting Gambocz v. Ellmyer, 438 F.2d 915, 917 (3d Cir. 1971))); but see Delzona Corp. v. Sacks, 265 F.2d 157, 159 (3d Cir. 1959) ("What constitutes a 'reasonable time' under Rule 60(b) is to be decided under the circumstances of each case.").

3

120, 122 (3d Cir. 1983)  Thus, "[a] motion under Rule 60(b)(6) should be granted when 'appropriate to accomplish justice.'" Boughner v. Secretary of Health, Education & Welfare, 572 F.2d 976, 978 (3d Cir. 1978) (quoting Klaprott v. United States, 335 U.S. 601, 614-15 (1949)).

This Court finds that Plaintiffs have shown extraordinary circumstances that justify relief under Rule 60(b)(6).  Plaintiffs and Defendants agree that no final settlement was reached by the parties, and imply that a preliminary settlement was never reached during the settlement conference.  (Till Cert. ¶¶ 10-12; Cassidy Decl. ¶ 5.)  As a result, the sixty-day order was premature.

Relying on Swaka v. Healtheast, Inc., 989 F.2d 138 (3d Cir. 1993), Defendants assert that the failure to reach a settlement agreement does not constitute "extraordinary circumstances." However, the procedural background in Swaka is quite different from this case.  In Swaka, the parties had executed a settlement agreement.  The court cited the plaintiff's ability to file a separate action based on that agreement as a basis for denying relief, pursuant to Rule 60(b).  Id. at 140-41.  In this case, no agreement was reached and Plaintiffs would be left without legal recourse if the case were not reopened.

The instant case bears some similarity to the proceedings in Boughner v. Secretary of Health, Education and Welfare, where plaintiffs' counsel failed to respond to a motion for summary judgment because of his involvement in an election campaign.  572 F.2d 976, 977 (3d Cir. 1986).  The motion was granted, unopposed, denying plaintiffs' benefits claims.  Id.  The Court of Appeals for the Third Circuit ruled that the adjudication of the case should be on the merits, and that an "extreme and unexpected hardship" would occur in the absence of that adjudication.  Id. at 978.  Likewise, in the instant case, Plaintiffs would face "extreme and

4

unexpected hardship," through no fault of their own, if this Court denied them redress for the resolution of their case without reaching the merits.

It would cause injustice to resolve this dispute through a procedural bar based upon a misunderstanding between the parties and this Court.

### IV. CONCLUSION

For the reasons set forth above, this Court finds that the reasons presented in Plaintiffs' Rule 60(b) motion demonstrate extraordinary circumstances that warrant reopening the case. Plaintiffs' motion is granted.

Dated: August 19, 2009

                                  S/Joseph A. Greenaway, Jr.
                                  JOSEPH A. GREENAWAY, JR., U.S.D.J.